878 F.2d 1446
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sonja A. BROWN, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 89-3133.
 United States Court of Appeals, Federal Circuit.
 June 15, 1989.
Rehearing Denied July 25, 1989.
 
 Before MARKEY, Chief Judge, and PAULINE NEWMAN and BISSELL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Sonja A. Brown (Brown) appeals from a final decision of the Merit Systems Protection Board (board), docket number DC043288C0047, dismissing her petition for enforcement of a settlement agreement. We affirm the decision and instruct the parties to disregard an implication in the board's opinion.
 
 OPINION
 
 2
 Brown has failed to show error in the board's determination that the Department of Health and Human Services (HHS) need not supply a new "fully successful" performance appraisal. The terms of the settlement agreement do not so require. Brown argues that the provision in that agreement for a step increase entitles her to have a "fully successful" rating made of record as of the date of the increase. 5 C.F.R. Sec. 531.404, however, requires only that to qualify for a step increase an employee's "most recent" rating be "fully successful". Brown has pointed to no evidence that her most recent rating of record was not "fully successful".
 
 
 3
 The settlement agreement provides that the agency "will" respond "in a neutral fashion" to "any oral or written inquiries" regarding Brown's "professional experience, performance and accomplishments". Completion of performance reviews by Armstrong, coupled with HHS's letter, fully complies with the "neutral fashion" term of the settlement agreement.
 
 
 4
 The board's opinion appears to have approved of HHS's "informal" indication that it will complete only a few more forms for Brown. The settlement agreement provision that HHS will respond to "any" inquiries means it must respond to all. To the extent that the board implied otherwise, the parties are instructed to disregard such implication.
 
 
 5
 It is ordered that all outstanding agency commitments referred to by the Administrative Law Judge and not already met, e.g. payment of correct back pay and other sums, be fully met within 20 days of the date of this decision.